DIRECTOR, DIVISION ON CIVIL RIGHTS; BARRY JOHNSON; MARGARET JOHNSON; ROBERT GUY; CINDY LOUISE GUY, COMPLAINANTS-RESPONDENTS, v. SLUMBER, INC., T/A HOLIDAY INN OF FORT LEE; WILLIAM M. MITCHELL, JR.; LILLIAN CHAIN, DEFENDANTS-APPELLANTS.

Argued February 19, 1980—Decided April 3, 1980.

*Sal J. Jesuele* argued the cause for appellants (*Jesuele* and *Maurice*, attorneys).

*Joseph M. Gorrell*, Deputy Attorney General, argued the cause for respondents (*John J. Degnan*, Attorney General of New Jersey, attorney; *Erminie L. Conley*, Assistant Attorney General, of counsel; *Joseph M. Gorrell*, on the brief).

The opinion of the Court was delivered by

SULLIVAN, J.

This appeal, which involves an order of the Director of the Division on Civil Rights, is by virtue of a dissent in the Appellate Division. *R.* 2:2–1(a)(2).

The corporate defendant owns and operates defendant Holiday Inn in Fort Lee. Defendant William J. Mitchell, Jr., is its general manager and defendant Lillian Chain its front desk supervisor. The Division on Civil Rights had received informa-

tion from a former employee of the inn that the inn had a general policy of assigning all black patrons to the second floor, not giving them accommodations on the other three floors of the inn and otherwise not affording black guests the same advantages, privileges, accommodations and facilities at the inn as other guests.

Following an investigation, the Director of the Division filed a complaint in his own name against defendants charging them with violations of the Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq.*, particularly section 12(f), which makes it unlawful for an owner, manager or employee of any place of public accommodation to withhold from or deny to any person any of the accommodations, advantages, facilities or privileges, or to discriminate against any person in the furnishing thereof, on account of race, creed, color, national origin, marital status or sex.

Newspaper articles reporting the filing of the complaint against the inn were read by Mr. and Mrs. Barry Johnson and Mr. and Mrs. Robert Guy, two black couples, who had been guests at the inn within 180 days[1] prior to the filing of the Director's complaint. They communicated with the Division and informed the agency that they had been subjected to the discriminatory practices charged.

At the hearing on the Director's complaint before a hearing examiner, the former employee testified that when he first went to work as a desk clerk at defendant inn, he was told to put all black guests on the second floor. He said that he followed this policy because when he voiced an objection to it on the ground that the inn did not have the right to restrict accommodations to black guests in this manner, he was told that if he disagreed with the policy he should "leave the job." Mr. and Mrs. Johnson and Mr. and Mrs. Guy also testified to their stays at the inn and

---

[1]*N.J.S.A.* 10:5–18 provides in pertinent part that "[a]ny complaint filed pursuant to this section must be so filed within 180 days after the alleged act of discrimination."

the second floor accommodations furnished them as well as their observations of similar treatment given other black guests.

At the conclusion of the complainant's case, the Director moved to amend the complaint to add the Johnsons and Guys as complainants. It was represented that part of the relief being sought was an award of damages for humiliation suffered by the two couples. The motion was granted over defendants' objection. After the hearing had been concluded, the examiner submitted proposed findings and conclusions which sustained the charges of discrimination and, as part of the relief to be granted, recommended an award of $1,500 for humiliation damages to Mr. and Mrs. Johnson and a like amount to Mr. and Mrs. Guy. In his Findings, Determination and Order, the Director approved the joining of the Johnsons and Guys as complainants and adopted the proposed findings and recommendations, including the award of humiliation damages.[2]

On appeal by defendants, the Appellate Division affirmed. It upheld the findings of discrimination as being adequately supported by sufficient credible evidence. 166 *N.J.Super.* 95 (1979). However, it concluded that the amendment to the complaint adding the Johnsons and Guys as complainants was improper. The Appellate Division was satisfied that the motion was, in substance, a motion to intervene which must be made "prior to the time of public hearing" under *N.J.A.C.* 13:4–6.5(c).

Despite its conclusion that the adding of the Johnsons and the Guys as complainants was improper, the Appellate Division held that under the complaint filed by the Director, the Johnsons and Guys could be awarded damages for humiliation. It noted that the complaint sought "whatever relief is provided for by law"

---

[2]Among other things, defendants were ordered to "cease and desist" from violating the Law Against Discrimination, to terminate the policy of restricting black guests to rooms on the second floor and to extend to all people its accommodations, advantages, privileges and facilities on an equal basis.

for the discrimination charged. Referring to section 17 of the Law Against Discrimination which empowers the Director "to take such affirmative action * * * as, in the judgment of the director, will effectuate the purposes of this act," the Appellate Division held that a Director's complaint was a particularly appropriate vehicle for an award of monetary damages including humiliation damages to identified but unnamed discriminatees. 166 *N.J.Super.* at 107.

The Appellate Division likened a Director's complaint to a class action seeking vindication for the private wrong done to all the individuals who may have been aggrieved thereby, as well as for the public wrong done to the body politic as a separate entity. Although it sustained the monetary awards to the Johnsons and Guys on this ground, the Appellate Division reserved the question of the propriety of a monetary award in favor of unnamed and unidentified members of the class. *Ibid.*

One Appellate Division judge dissented as to the allowance of humiliation damages. He recognized that on the basis of this court's decisions in *Zahorian v. Russell Fitt Real Estate Agency,* 62 *N.J.* 399 (1973) and *Jackson v. Concord Co.,* 54 *N.J.* 113 (1969), such damages were allowable in a proper case, but he was "firmly of the view" that they could be awarded only to a named party complainant. He agreed that the Johnsons and the Guys had been improperly joined as complainants in violation of *N.J.A.C.* 13:4–6.5(c) and further noted that the joinder was more than 180 days after the alleged discrimination in violation of *N.J.S.A.* 10:5–18. Because of this he would hold that no statutory basis for awarding damages to them existed. In all other respects he was in accord with the majority determination.

On the issue presented by the dissent, we are in accord with the majority holding that it was not necessary that the Johnsons and Guys be named as complainants for the Director to award monetary damages for humiliation to them. However, procedural due process would require that defendants be given timely

notice of the Director's proposed action and the persons to whom such damages might be awarded. *In re Suspension of Heller*, 73 *N.J.* 292, 309–311 (1979). Defendants would then have a fair opportunity to meet evidence of humiliation by cross-examination and the presentation of rebutting proof.

On the present record defendants did not have that opportunity even though the issue of discrimination was fully litigated. Accordingly, defendants are entitled to a rehearing on the question of humiliation damages if they so elect by filing a written request for such hearing with the Division on Civil Rights within 20 days of the filing of this opinion. Otherwise, the judgment of the Appellate Division is affirmed. If a request for hearing is made, the judgment of the Appellate Division will be modified but only to the extent of vacating the awards of damages for humiliation. The balance of the judgment will be affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, SCHREIBER, HANDLER and POLLOCK —6.

*For reversal*—None.